# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        )
                            )
      v.                )         Case ID No.: 1602004456A
                            )
JONATHAN JOHNSON,     )
                            )
      Defendant.      )

## ORDER

Submitted: May 15, 2023
Decided: July 10, 2023

**AND NOW TO WIT**, this 10th day of July 2023, upon multiple filings, this Court *again* considers Defendant Jonathan Johnson ("Defendant")'s application for relief as "Pursuant to Del. Super. Ct. Crim. R. 61(i)(5) and Notice to Show Cause."[1]

1.      Defendant was charged with multiple offenses after law enforcement executed a search warrant of his home and located firearms, ammunition, heroin, cocaine, and marijuana.[2] On the day of trial on April 25, 2017, Defendant pled guilty to one count of Drug Dealing and one count of Possession of a Firearm During the Commission of a Felony ("PFDCF").[3]

---

[1] D.I. 176.

[2] On September 12, 2016, a Superior Court grand jury returned an indictment against Defendant for the following charges: Drug Dealing (two counts), Aggravated Possession (two counts), Possession of a Firearm During the Commission of a Felony (two counts), Carrying a Concealed Deadly Weapon (one count), Possession of a Firearm by a Person Prohibited (two counts), Possession of Ammunition by a Person Prohibited (two counts), Possession of Drug Paraphernalia, and Endangering the Welfare of a Child (four counts). D.I. 2.

[3] *See* D.I. 39.

2.      The State filed a Motion to Declare Defendant a Habitual Offender on the PFDCF charge under 11 *Del. C.* § 4214.[4] On October 27, 2017, the Court granted the State's motion,[5] and sentenced Defendant to the minimum mandatory twenty-five years for the firearm charge and to probation for the Drug Dealing offense.[6]

3.      On October 17, 2018, Defendant filed his first Motion for Postconviction Relief under Superior Court Criminal Rule 61.[7] The Court denied the motion.[8] Defendant filed a Motion for Reconsideration of Postconviction Decision,[9] which this Court dismissed as untimely.[10]

4.      Between October 2019 and January 2020, Defendant has filed numerous petitions including a Petition for Writ of Mandamus,[11] a Petition for an Evidentiary Hearing,[12] and a Motion to Stay the consideration of his Rule 61 Motion.[13] These requests were denied on August 14, 2020.[14] During the pendency of his Rule 61 Motion, Defendant also filed a Petition for Writ of Mandamus with the Delaware Supreme Court; denied on April 15, 2020.[15]

---

[4] D.I. 41; *see* 11 *Del. C.* § 4214.
[5] D.I. 42.
[6] D.I. 41, 43.
[7] D.I. 44.
[8] D.I. 109.
[9] D.I. 111.
[10] D.I. 116.
[11] D.I. 75.
[12] D.I. 78.
[13] D.I. 81.
[14] D.I. 94.
[15] *See Matter of Johnson*, 228 A.3d 139, 2020 WL 1881069 (Del. Apr. 15, 2020) (TABLE).

5. Undeterred, in July of 2021, Defendant filed an "Affidavit of Fact: Notice of Fault and Opportunity to Cure/Writ of Revocation of Plea Contract & Affidavit of Facts."[16] He demanded "to have a scheduled special appearance and/or phone/video conference" with the Court and a payment of $10 million. Defendant's requests were denied.

6. On February 3, 2022, Defendant filed another Rule 61 Motion[17] and a Motion for Appointment of Counsel.[18] On March 22, 2022, this Court found the claims barred under Superior Court Criminal Rules 61(i)(2)(i) and 61(i)(4)[19] and summarily dismissed that motion.[20]

7. From August to November 2022, Defendant filed twenty-plus new requests,[21] with the last petition asking that this Court vacate his sentence, withdraw

---

[16] D.I. 119.
[17] D.I. 131.
[18] D.I. 132.
[19] *See* Del. Super. Ct. Crim. R. 61(i)(4) ("Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.").
[20] D.I. 134.
[21] On August 31, 2022, Defendant filed a Motion to File out of Time: (1) Motion for Reargument of Suppress Denial, (2) Direct Appeal of Suppress Denial, (3) Motion of Withdrawal of Plea, (4) Motion for Reargument of Conviction and Sentence, and (5) Direct Appeal of Conviction and Sentence. D.I. 141. On September 8, 2022, Defendant filed a Motion for Correction of Illegal Sentence. D.I. 153. On September 20, 2022, Defendant filed (1) Supplemental Demand Relief to Motions to File Out of Time, (2) Supplemental Demand Relief to Motion for Correction of Illegal sentence, (3) Motion for Withdrawal Plea, (4) Motion to File Out of Time to File a Motion to Suppress, and (5) Motion to Suppress. D.I. 143. On September 29, 2022, Defendant filed "summonses" to his attorneys, a Deputy Attorney General, and the State for two separate cases. D.I. 155–59.

On October 4, 2022, Defendant filed a Motion for Correction of Illegal Sentence, same as D.I. 153 that was filed on September 8, 2022. D.I. 154. On October 13, 2022, Defendant filed a Notice of

or set aside his plea agreement, hold a suppression hearing, grant his default judgment motion against the State, and grant to him a payment of $1,830,000.00.[22] Those claims were summarily dismissed and this Court requested that Supreme Court enjoin Defendant from filing future appeals without leave of the Court.[23] The Supreme Court did so.[24]

8. Once again, Defendant now files his third Rule 61 Motion, a request for Appointment of Counsel, and a petition for evidentiary hearing.[25] Not only are his claims incoherent and baseless, they are barred under Superior Court Criminal Rules 61(i)(2)(i) and 61(i)(4).[26] Under Rules 61(i)(2)(i), the Court will not consider a second or subsequent Rule 61 motion unless Defendant makes a claim that (1) new evidence exists that creates a strong inference of his actual innocence or (2) a new

Writ of Declaratory Judgment. On October 27, 2022, Defendant filed a Notice of Fault and Opportunity to Cure Motion for Correction of Illegal Sentence, Withdrawal Plea, and a Motion to File Out of Time and Summons by November 1, 2022. D.I. 161. On November 7, 2022, Defendant filed a Default Judgment. D.I. 162. On November 10, 2022, Defendant filed Affidavit of the Amount Due $1,830,000.00. D.I. 163.

[22] In that motion, he claimed excusable neglect, ineffective assistance, prejudice, and that the State failed to respond to his claims; all meritless. D.I. 163.

[23] *State v. Johnson*, 2022 WL 17076222, at *1 (Del. Super. Nov. 18, 2022), *reargument dismissed*, 2023 WL 195622 (Del. Super. Jan. 13, 2023), *aff'd*, 294 A.3d 1080 (Del. 2023).

[24] *See Matter of Johnson*, 289 A.3d 630, 2023 WL 116481, at *2 (Del. Jan. 5, 2023) (TABLE) ("We warn Johnson that if he continues to file appeals or writs making repetitive claims, he could be enjoined from filing future appeals or writs without leave of the Court.").

[25] D.I. 176; D.I. 177; D.I. 178.

[26] Del. Super. Ct. Crim. R. 61(i)(2)(i) ("(No second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule."); Del. Super. Ct. Crim. R. 61(i)(4) ("Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.").

rule of constitutional law made his sentence invalid.[27]

9. Defendant's protestations are unclear. He argues ineffective assistance of counsel related to the arresting and seizing officer's failure to appear at a suppression hearing as "newly discovered evidence" under Rule 61(i)(5), yet references vague ramblings related to purported violations under the 6th Amendment, *Brady, Jenks,* and Superior Court Criminal Rule 11.[28]

10. Defendant does not claim "new evidence" exists that creates a strong inference of his actual innocence. And his concession that he found this "new evidence" in his discovery package confirms what is obvious: the evidence is not new. Defendant does not raise a claim that a new rule of constitutional law made his conviction illegal. Further, all his other *repetitive* claims are barred under Rule 61(i)(4).

Therefore, Defendant's Motions are **SUMMARILY DISMISSED**.

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc:  Prothonotary
cc:  Defendant
     Allison Abessinio, Esquire
     Investigative Services Office

---

[27] Del. Super. Ct. Crim. R. 61(i)(2)(i); Del. Super. Ct. Crim. R. 61(d)(2)(i)–(ii).
[28] *See generally* D.I. 176, at 1–5.